Ava L. Schoen, OSB #044072
  Direct Dial: 503.802.2143
  Fax: 503.972.3843
  Email: ava.schoen@tonkon.com
TONKON TORP LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Portland Division)

| | |
|---|---|
| ADI ACQUISITION CO., LLC,<br><br>                  Plaintiff,<br><br>   v.<br><br>THEODORE L. VALLAS,<br><br>                  Defendant. | Civil No. 3:18-cv-01871-HZ<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S TRIAL MEMORDANDUM AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Plaintiff ADI Acquisition Co., LLC ("ADI Acquisition" or "Plaintiff") moves to strike Defendant's Trial Memorandum and Proposed Findings of Fact and Conclusions of Law for the reasons set forth below.

**Certificate of Conferral**

Pursuant to Local Rule of Civil Procedure 7-1, the undersigned counsel for Plaintiff certifies that she made a good faith effort to confer with *pro se* defendant Theodore L. Vallas ("Defendant" or "Mr. Vallas") about this Motion on March 2, 2020, by speaking with Mr. Vallas by telephone. The parties were unable to reach agreement regarding the matters raised in the Motion.

**BACKGROUND**

ADI Acquisition filed a complaint alleging breach of guaranty against Mr. Vallas, seeking damages in the principal amount of $2,032,398.48, plus interest, attorney fees, costs, and expenses [ECF No. 1]. In response thereto, Mr. Vallas filed an answer and affirmative defenses [ECF No. 18]. In the answer and affirmative defenses, Mr. Vallas sought an award of costs and expenses in defending this action; he sought no other monetary damages. Mr. Vallas asserted no counterclaims against ADI Acquisition and did not properly allege any affirmative defense for offset against Plaintiff's claim.[1]

The deadline to file Trial Memoranda was January 31, 2020 [ECF Nos. 26, 34]. On that day, the Court entered an order extending the deadline to file Trial Memoranda to February 3, 2020 [ECF No. 36]. In that same order, the Court stated, "No further extensions of time will be granted" with respect to any of the deadlines provided for in the Court Trial Management Order [ECF No. 36]. Mr. Vallas did not file a Trial Memoranda by February 3, 2020.

The deadline to file Proposed Findings of Fact and Conclusions of Law was February 14, 2020 [ECF Nos. 26, 34, 36]. Mr. Vallas did not file Proposed Findings of Fact and Conclusions of Law by February 14, 2020.

On February 28, 2020, Mr. Vallas emailed to the Court and counsel for ADI Acquisition "Defendant's Proposed Findings of Fact and Conclusions of Law" and "Defendant's Trial Memorandum" (together, the "New Pleadings"). In the New Pleadings,

---

[1] Mr. Vallas' answer included a "Non-Waiver of Additional Affirmative Defenses" that contains a laundry list of additional affirmative defenses. That list is vague, ambiguous, and does not respond to any particular count or allegation, and is not supported by any legal basis. Moreover, that list does not meet the pleading requirements under the Federal Rules of Civil Procedure, *see* FRCP 8. No discovery was conducted regarding the "non-waived" affirmative defenses, and Defendant did not timely submit any briefing in support of the "non-waived" affirmative defenses. To the extent Defendant seeks to rely on his "non-waived" affirmative defenses, ADI Acquisition has not received fair notice of those defenses. *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.") (internal citations omitted).

Mr. Vallas asserts new defenses for the first time. Mr. Vallas also seeks an advisory opinion from the Court as to the scope of non-party liability for the Guaranty at issue in this case.

### ARGUMENT

1. **The New Pleadings Should be Stricken Because They Are Untimely**

As set forth above, Mr. Vallas' deadline to file a Trial Memorandum was February 3, 2020, and his deadline to file Proposed Findings of Fact and Conclusions of Law was February 14, 2020. Because Mr. Vallas did not file either document by its deadline and because the Court previously ordered that filing deadlines would not be extended, the New Pleadings should be stricken.

In addition to the fact that Mr. Vallas' New Pleadings should be stricken because they are untimely, they should also be stricken because, as discussed in Section 2 below, they assert new defenses for the very first time. ADI Acquisition will be prejudiced if Mr. Vallas is allowed to assert new defenses the week before trial and put on evidence of these brand new defenses at trial.

2. **The New Pleadings Should be Stricken Because They Improperly Seek to Expand Defendant's Defenses in the Days Prior to Trial**

Mr. Vallas' New Pleadings assert the following defenses for the very first time: (i) ADI Acquisition did not own all shares in Aerodynamics Incorporated free and clear; (ii) ADI Acquisition failed to disclose that Aerodynamics Incorporated's assets were encumbered; (iii) the Stock Certificate indicates that there are approximately 2,000 shares of stock that were unaccounted for; (iv) ADI Acquisition failed to produce tax returns at closing; (v) The aircraft subject to the SPA, 1st Addendum to SPA, and 2nd Addendum to SPA were not unencumbered and ADI Acquisition failed to disclose this; (vi) Due to undisclosed liens and debts, Mr. Vallas lost possession of the aircraft subject to the SPA, 1st Addendum to SPA, and 2nd Addendum to SPA; (vii) Mr. Vallas and CP Air suffered the loss of the aircraft, which in turn caused them loss of their FAA Certification; and (viii) undisclosed assets, that were not in the financials, were

being liquidated by agents of ADI Acquisition.[2, 3]  These defenses were never asserted by Mr. Vallas before and cannot be asserted for the first time at this late date.  To allow otherwise would prejudice ADI Acquisition and sanction Mr. Vallas' disregard for the Federal Rules of Civil Procedures and this Court's orders.

Mr. Vallas further states in his New Pleadings that he is entitled to a credit of $15,500,000 towards his obligations under the stock purchase documents based on the loss of two aircraft and the purported loss of FAA Certification.  This is wholly incorrect.  Not only is Mr. Vallas' credit theory factually inaccurate, he never asserted any counterclaim against ADI Acquisition or any affirmative defense that would entitle him to now assert this credit theory.  On that basis alone, his belated request for a "credit" should be stricken.

Moreover, no allegations regarding either the loss of aircraft or the loss of FAA Certification were asserted by either party in ADI Acquisition's claim or the many affirmative defenses that Mr. Vallas actually pled over a year ago.  Simply put, Defendant's new credit theory is wholly irrelevant to the claims and defenses actually before the Court.  To allow Mr. Vallas' new "credit theory" to move forward would (a) unfairly prejudice ADI Acquisition, which is hearing of such purported theories and damages long after the pleadings were finalized, long after the close of discovery, and a mere 10 days before trial; (b) clutter this case with irrelevant last-minute legal and damage theories, *see, e.g., Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (motions to strike should be granted when they serve to expedite—not delay—a case and when they remove unnecessary clutter from the case); and (c) be at odds with the case actually before the Court.

/ / /

/ / /

---

[2] ADI Acquisition denies the truth of each of these defenses.

[3] In light of Mr. Vallas' newly asserted defenses and the limited time before trial, ADI Acquisition will be obliged to file a Supplemental Rebuttal Exhibit List and intends to do so by March 3, 2020.

Page 4 -   PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S TRIAL MEMORANDUM
            AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### 3. **The New Pleadings Improperly Seek an Advisory Opinion from the Court**

The New Pleadings seek a ruling from the Court that if Mr. Vallas is liable on the Guaranty, such liability is solely the responsibility of Defendant and not the responsibility of his estate or a trust for his son. The only defendant before the Court is this action is Mr. Vallas. There are no factual or legal grounds before the Court that would enable it to issue an opinion about Mr. Vallas' estate or trust. Likewise, to the extent a judgment is entered in favor of ADI Acquisition and against Mr. Vallas, the question of what assets may be available to satisfy that judgment is not before the Court. Accordingly, Mr. Vallas' request for the Court to issue a ruling as to his estate or any trust for his son should be stricken.

### CONCLUSION

For the reasons set forth herein, Defendant's Trial Memoranda and Proposed Findings of Fact and Conclusions of Law should be stricken.

DATED this 2nd day of March, 2020.

TONKON TORP LLP


By *s/ Ava L. Schoen*
Ava L. Schoen, OSB No. 044072
Direct Dial: 503.802.2143
Direct Fax: 503.972.3843
Email: ava.schoen@tonkon.com
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204-2099
Attorneys for Plaintiff
Page 5 - PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S TRIAL MEMORANDUM AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S TRIAL MEMORANDUM AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** on:

>Theodore L. Vallas
>Carlsbad-Palomar Airlines, Inc.
>2100 Palomar Airport Road, #222/223
>Carlsbad, CA 920011
>Vallas1@cox.net
>tgvallas@gmail.com

by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said party's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below; and by causing a copy thereof to be emailed to said party at said party's last-known email addresses on the date set forth below.

DATED this 2nd day of March, 2020.

>TONKON TORP LLP
>
>
>By *s/ Ava L. Schoen*
>    Ava L. Schoen, OSB No. 044072
>     Direct Dial:  503.802.2143
>     Direct Fax:   503.972.3843
>     Email:  ava.schoen@tonkon.com
>    1600 Pioneer Tower
>    888 SW Fifth Avenue
>    Portland, OR  97204-2099
>    Attorneys for Plaintiff

037840/00005/10907449v1