Theodore L. Vallas
2100 Palomar Airport Rd., Suite 222
Carlsbad, Ca. 92011
760-456-1111

Defendant in Pro Se

UNITED STATES DISTRICT

COURT DISTRICT OF OREGON

(Portland Division)

| | |
|---|---|
| ADI ACQUISITION CO., LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>THEODORE L. VALLAS,<br><br>　　　　　　　　Defendant. | Civil No. 3:18-cv-01871-HZ<br><br>**DEFENDANT'S TRIAL MEMORANDUM** |

　　　　Plaintiff ADI Acquisition Co., LLC ("Plaintiff" or "ADI Acquisition") seeks relief from Defendant's alleged breach of the Guaranty. The evidence will show however, that although Defendant  signed  the Guaranty, that Plaintiff had withheld material information from Defendant and CP Air, and that Defendant, as well as CP Air have been damaged by Plaintiff's actions and omissions and therefore Defendant is entitled to a credit for said losses to be applied to the amount owed to Plaintiff, if any. Plaintiff is not entitled to judgment in the full amount of the underlying debt.

INTRODUCTION

1.      This case involves a claim for an alleged breach of guaranty against Defendant Theodore L. Vallas ("Defendant" or "Mr. Vallas").  Although  Mr. Vallas voluntarily executed a Guaranty that obligates him to personally repay the Promissory Note owing by his company, CP Air, to ADI Acquisition, the ADI Acquisition failed to perform all obligations owing by it pursuant to the SPA, 1st Addendum to SPA, and 2nd Addendum to SPA.

2.      ADI Acquisition did in fact conceal facts material to the SPA, 1st Addendum to SPA, 2nd Addendum to SPA, Promissory Note, and/or Guaranty from CP Air or from Mr. Vallas. In particular, ADI Acquisition did conceal from CP Air and from Mr. Vallas facts regarding Aerodynamics' financial status, legal issues, legal fees, and the payment status of vendor contracts.

## I.      FACTUAL HISTORY

On or about December 22, 2017, ADI Acquisitions Co., LLC and CP Air entered into a stock purchase agreement (the "SPA") pursuant to which CP Air would purchase all of ADI Acquisition's stock in Aerodynamics, Incorporated ("Aerodynamics") for $12 million in cash. The stock sale was scheduled to close on March 1, 2018.

On or about February 27, 2018, the parties executed an Addendum to the Stock Purchase Agreement ("1st Addendum to SPA"), which; among other things, amended the terms of the SPA such that instead of CP Air paying ADI Acquisition a purchase price of $12 million in cash, CP Air would (i) pay ADI Acquisition a purchase price of $1,995,975.20 in cash and (ii) assume the obligation to repay some of Aerodynamics'

liabilities and acquire two aircraft.

On or about March 20, 2018, the parties executed a Second Addendum to Stock Purchase Agreement (the "2nd Addendum to SPA"), which provided that instead of CP Air paying ADI Acquisition the $1,995,975.20 cash portion of the purchase price, (i)    CP Air would execute a promissory note in favor of ADI Acquisition in the amount of $2,032,398.48 to be paid on or before April 15, 2018 (the "Promissory Note") and (ii)Mr. Vallas would guaranty the Promissory Note (the "Guaranty"). ADI Acquisition failed to perform all obligations owing by it pursuant to the SPA, 1st Addendum to SPA, and 2nd Addendum to SPA.

ADI Acquisition did in fact conceal facts material to the SPA, 1st Addendum to SPA, 2nd Addendum to SPA, Promissory Note, and/or Guaranty from CP Air or from Mr. Vallas. In particular, ADI Acquisition did conceal from CP Air and from Mr. Vallas facts regarding Aerodynamics' financial status, legal issues, legal fees, and the payment status of vendor contracts.

1.    Plaintiff, ADI Acquisition did not own all shares in the company, free and clear.

2.    The Plaintiff, ADI Acquisition failed to disclose that the company's assets were encumbered.

3.    The Stock Certificates indicate that there are approximately 2,000 shares of  stock that were unaccounted for.

4.    The Plaintiff failed to produce Tax Returns at closing, as agreed.

5.    The Aircraft subject to the SPA, 1st Addendum to SPA, and 2ndAddendum to SPA were not unencumbered.

6.    The Plaintiff, ADI Acquisition failed to disclose that the aircraft subject to the SPA, 1st Addendum to SPA, and 2ndAddendum to

SPA were in fact encumbered and that there were also taxes owed on the 2 aircraft.

7.     Due to undisclosed liens and debts, possession of the aircraft subject to the SPA, (and amendments) were taken from Defendant.

8.     Defendant, Theodore L. Vallas, as well as CP Air, suffered the loss of said aircraft, which in turn caused them loss of their FAA Certification.

9.     There were undisclosed assets, that were not in the financials, that were being liquidated by agents of the Plaintiff and employees as well.

10.    The debt, if any, owed by Defendant Theodore L. Vallas, is solely the responsibility of Theodore L. Vallas, and said debts, if any, should not be extended to Theodore L. Vallas' estate nor the Trust for Theodore L. Vallas' son.

## II.    DEFENSES

Defendant alleges that "Plaintiff anticipatorily repudiated the SPA by failing to perform under the SPA in connection with Plaintiffs' obligation to pay Aerodynamics Inc.'s attorney fees. Plaintiffs repudiation discharged any contractual obligations owed by [CP Air] under the Note, thereby discharging any obligations owed by Defendant under the Guaranty.

Defendant contends that the Plaintiff had breached the contract in that ADI Acquisition failed to perform all obligations owing by it pursuant to the SPA, 1st Addendum to SPA, and 2nd Addendum to SPA and that ADI Acquisition did in fact conceal facts material to the SPA, 1st Addendum to SPA, 2nd Addendum to SPA, Promissory Note, and/or Guaranty from CP Air or from Mr. Vallas. In particular,

Page 4 -    DEFENDANT'S TRIAL MEMORANDUM

ADI Acquisition did conceal from CP Air and from Defendant's facts regarding Aerodynamics' financial status, legal issues, legal fees, and the payment status of vendor contracts.

Defendant contends that it would unjustly enrich ADI Acquisition to allow it "to obtain and/or retain the benefits conferred by the SPA, Note and Guaranty absent full performance."

Plaintiff took advantage of the circumstances under which the Note and Guaranty were negotiated and drafted the terms of the Note and Guaranty to be unconscionably one-sided and oppressive. Defendant was 96 years old when negotiations related to the SPA began, and Plaintiff knew that Maker and Defendant were under substantial time constraints for purposes of finalizing the Note and Guaranty.

Plaintiff fraudulently concealed from Defendant facts material to the SPA, Note and Guaranty, including facts regarding the financial status and legal issues facing Aerodynamics, Inc. Plaintiffs concealment involved misrepresentations and/or omissions, and was done knowingly for purposes of inducing Defendant and related parties to enter into the SPA, Note and Guaranty. During the period prior to execution of the Note/Guaranty, Plaintiff concealed information related to payment of Aerodynamics, lnc.'s legal fees and non-payment of Aerodynamics, lnc.'s vendor contracts.  Defendant was unaware  of Plaintiff's misrepresentations and omissions. Defendant relied, and had a right to rely, on Plaintiff's misrepresentations and/or omissions made in negotiating the SPA, Note and  Guaranty.

## III.   CONCLUSION

The SPA, 1st Addendum to SPA, and 2nd Addendum to SPA are enforceable contracts, ADI Acquisition failed to perform all obligations required of it under the SPA, 1st Addendum to SPA, and 2ndAddendum to SPA. Plaintiff breached the SPA, 1st

Page 5 -    DEFENDANT'S TRIAL MEMORANDUM

Addendum to SPA, and 2nd Addendum to SPA and is liable on the SPA, 1st Addendum to SPA, and 2nd Addendum to SPA.

Both the Defendant Theodore L. Vallas as well as CP Air have been harmed and damaged by Plaintiff ADI Acquisition's breach of the SPA, 1st Addendum to SPA, and 2ndAddendum to SPA; the debt, if any, owed by Defendant Theodore Vallas, is solely the responsibility of Theodore L. Vallas, and said debts, if any, should not be extended to Theodore L. Vallas' estate nor the Trust for Theodore L. Vallas' son.

The Defendant Theodore L. Vallas has proven his affirmative defenses, including but not limited to the affirmative defense of invalid contract due to fraud, deceit, or misrepresentation.

Theodore L. Vallas is entitled to a credit towards his obligations pursuant to the SPA, 1st Addendum to SPA, and 2nd Addendum to SPA from ADI Acquisition (i) principal and interest in the amount of $3,500,000.00 for the loss of the 2 aircraft, (ii) for loss of FAA Certification in the amount of $12,000,000.00.

Dated: 2-28-2020

/s/ Theodore L. Vallas

Theodore L. Vallas,
2100 Palomar Airport Rd., Suite 222
Carlsbad, Ca. 92011
760-456-1111
Defendant in Pro Se

## CERTIFICATE OF SERVICE

I am employed in the City of Carlsbad, County of San Diego, California. I am over the age of 18 and not a party to the within action. My business address is 2100 Palomar Airport Rd., Suite 222, Carlsbad, Ca. 92011.

On 2-28-2020, I served a copy of the below-listed document(s) described as:


DEFENDANT'S TRIAL MEMORANDUM
      On the Plaintiff's Attorney addressed as follows:

**Ava L. Schoen,**
**Ava.schoen@tonkon.com**

**Attorney for Plaintiff**

Said Documents were served electronically, via email


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.



      Executed on 2-28-2020, at Carlsbad, California.


                    /s/ TG Vallas


                 _____
                 TG Vallas

Page 1 -    CERTIFICATE OF SERVICE