Theodore L. Vallas
2100 Palomar Airport Rd., Suite 222
Carlsbad, Ca. 92011
760-456-1111

Defendant in Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Portland Division)

| ADI ACQUISITIONS CO., LLC, | Case No.: 3:18-cv-01871-HZ |
|---|---|
| Plaintiff, | |
| v. | DEFENDANT'S AMENDED WITNESS STATEMENTS |
| THEODORE L. VALLAS | |
| Defendant. | |

Defendant Theodore L. Vallas submits the following list of witnesses that he will likely call at trial.

**Fernando Pineda**

<u>Estimated length of direct examination:</u>   2 Hours

<u>Occupation:</u>   Director of Operations Control Center

<u>Summary of expected direct examination testimony:</u>

Mr. Pineda will testify to the mismanagement of the prior owner's operations which he was a part of and the withholding of information by Plaintiff from Defendant.

DEFENDANT'S AMENDED WITNESS STATEMENTS Page 1

He will also testify that the prior owners had purposefully delayed responses to critical requests from corporate management of California Pacific Airlines.

He will also testify that the dispatch of the return of funds to clients for the return of unused tickets, prior to his watch, had not been properly handled.

He will also testify that Great Lakes Airlines was receiving a percentage of the ticket sales, undisclosed to California Pacific Airlines.

**Ted Vallas**

Estimated length of direct examination:   2 Hours

Occupation: Chairman of the Board of California Pacific Airlines and ADI, as well as the principal shareholder of both.

Summary of expected direct examination testimony:

Mr. Vallas will testify that he represents himself in Pro Se, as he was sued personally. He will also testify as to all of the documentation in the final stages of the acquisition, as well as to the details of said acquisition.

He will elaborate regarding various meetings, proposed by the Plaintiff. He will also testify as to the reasons that various documents needed to be amended.

He will address the Non-Disclosure Agreement, showing a breach to the Defendant's Exhibit 501 Disclosure relative to the breach and the transfer of information that was mishandled.

He will also testify that he was prohibited from any discovery on regarding the Caesar's lawsuit.

He will also testify that Mr. Barkley's guarantee was in default with a prior agreement with a Mr. Bealos.

He will also testify that the 30 million dollar infusion of capital from Glidepath was disrupted by non-disclosure due to the Caesar's Suit, and how he was also restricted from using as witnesses, key personnel that were involved as witnesses in the Caesar's suit.

     Also, he will testify that documents signed by formed employees indicate a $50,000.00 monthly profit that was not properly handled.

     And finally, Mr. Vallas will testify as to the validity and relevance of several documents.

Dated: 2-27-2020

                                        /s/ Theodore L. Vallas
                                        _____
                                        Theodore L. Vallas,
                                        2100 Palomar Airport Rd., Suite 222
                                        Carlsbad, Ca. 92011
                                        760-456-1111
                                        Defendant in Pro Se

## CERTIFICATE OF SERVICE

I am employed in the City of Carlsbad, County of San Diego, California. I am over the age of 18 and not a party to the within action. My business address is 2100 Palomar Airport Rd., Suite 222, Carlsbad, Ca. 92011.

On 2-27-2020, I served a copy of the below-listed document(s) described as:

DEFENDANT'S AMENDED WITNESS STATEMENTS
On the Defendant's Attorney addressed as follows:

**Ava L. Schoen,**
**Ava.schoen@tonkon.com**

**Attorney for Plaintiff**

Said Documents were served electronically, via email

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on 2-27-2020, at Carlsbad, California.

/s/ TG Vallas

TG Vallas