Theodore L. Vallas
2100 Palomar Airport Rd., Suite 222
Carlsbad, Ca. 92011
760-456-1111

Defendant in Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Portland Division)

| | |
|---|---|
| ADI ACQUISITIONS CO., LLC, | Case No.: 3:18-cv-01871-HZ |
| Plaintiff, | |
| v. | DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| THEODORE L. VALLAS, | |
| Defendant. | |

Pursuant to the Court's Court Trial Management Order [ECF No. 26] and Minute Order [ECF No. 34], Defendant Theodore L. Vallas ("Plaintiff'") submits the following proposed Findings of Fact and Conclusions of Law.

This matter came on for trial beginning March 10, 2020; Having considered the admissions in the parties' pleadings, the exhibits and testimony of witnesses, and the legal memoranda and oral argument of counsel, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1.  On or about December 22, 2017, ADI Acquisitions Co., LLC and CP Air entered into a stock purchase agreement (the "SPA") pursuant to which CP Air would purchase all of ADI Acquisition's stock in Aerodynamics, Incorporated ("Aerodynamics") for $12 million in cash. The stock sale was scheduled to close on March 1, 2018.

2.  On or about February 27, 2018, the parties executed an Addendum to the Stock Purchase Agreement ("1st Addendum to SPA"), which; among other things, amended the terms of the SPA such that instead of CP Air paying ADI Acquisition a purchase price of $12 million in cash, CP Air would (i) pay ADI Acquisition a purchase price of $1,995,975.20 in cash and (ii) assume the obligation to repay some of Aerodynamics' liabilities and acquire two aircraft.

3.  On or about March 20, 2018, the parties executed a Second Addendum to Stock Purchase Agreement (the "2nd Addendum to SPA"), which provided that instead of CP Air paying ADI Acquisition the $1,995,975.20 cash portion of the purchase price,

(i) CP Air would execute a promissory note in favor of ADI Acquisition in the amount of $2,032,398.48 to be paid on or before April 15, 2018 (the "Promissory Note") and (ii) Mr. Vallas would guaranty the Promissory Note (the "Guaranty").

4.  ADI Acquisition failed to perform all obligations owing by it pursuant to the SPA, 1st Addendum to SPA, and 2nd Addendum to SPA.

5.  ADI Acquisition did in fact conceal facts material to the SPA, 1st Addendum to SPA, 2nd Addendum to SPA, Promissory Note, and/or Guaranty from CP Air or from Mr. Vallas. In particular, ADI Acquisition did conceal from CP Air and from Mr. Vallas facts regarding Aerodynamics' financial status, legal issues, legal fees, and the payment status of vendor contracts.

6.  Plaintiff, ADI Acquisition did not own all shares in the company, free and clear.

7. The Plaintiff, ADI Acquisition failed to disclose that the company's assets were encumbered.

8. The Stock Certificates indicate that there are approximately 2,000 shares of stock that were unaccounted for.

9. The Plaintiff failed to produce Tax Returns at closing, as agreed.

10. The Aircraft subject to the SPA, 1st Addendum to SPA, and 2ndAddendum to SPA were not unencumbered.

11. The Plaintiff, ADI Acquisition failed to disclose that the aircraft subject to the SPA, 1st Addendum to SPA, and 2ndAddendum to SPA were in fact encumbered and that there were also taxes owed on the 2 aircraft.

12. Due to undisclosed liens and debts, possession of the aircraft subject to the SPA, (and amendments) were taken from Defendant.

13. Defendant, Theodore L. Vallas, as well as CP Air, suffered the loss of said aircraft, which in turn caused them loss of their FAA Certification.

14. There were undisclosed assets, that were not in the financials, that were being liquidated by agents of the Plaintiff and employees as well.

15. The debt, if any, owed by Defendant Theodore L. Vallas, is solely the responsibility of Theodore L. Vallas, and said debts, if any, should not be extended to Theodore L. Vallas' estate nor the Trust for Theodore L. Vallas' son.

## **CONCLUSIONS OF LAW**

16. Based on Findings of Fact, The SPA, 1st Addendum to SPA, and 2nd Addendum to SPA are enforceable contracts.

17. Based on the Findings of Fact, ADI Acquisition failed to perform all obligations required of it under the SPA, 1st Addendum to SPA, and 2ndAddendum to SPA.

18. Based on the Findings of Fact, Plaintiff breached the SPA, 1st Addendum to SPA, and 2nd Addendum to SPA and is liable on the SPA, 1st Addendum to SPA, and 2nd Addendum to SPA.

19. Based on the Findings of Fact, both the Defendant Theodore L. Vallas as well as CP Air have been harmed and damaged by Plaintiff ADI Acquisition's breach of the SPA, 1st Addendum to SPA, and 2ndAddendum to SPA.

20. Based on the Findings of Fact Theodore L. Vallas is entitled to a credit towards his obligations pursuant to the SPA, 1st Addendum to SPA, and 2nd Addendum to SPA from ADI Acquisition (i) principal and interest in the amount of $3,500,000.00 for the loss of the 2 aircraft, (ii) for loss of FAA Certification in the amount of $12,000,000.00.

21. Based on the Finding of Facts, the debt, if any, owed by Defendant Theodore Vallas, is solely the responsibility of Theodore L. Vallas, and said debts, if any, should not be extended to Theodore L. Vallas' estate nor the Trust for Theodore L. Vallas' son.

22. Based on the Findings of Fact, Defendant Theodore L. Vallas has proven his affirmative defenses, including but not limited to the affirmative defense of invalid contract due to fraud, deceit, or misrepresentation.

Dated: 2-28-2020

/s/ Theodore L. Vallas

Theodore L. Vallas,
2100 Palomar Airport Rd., Suite 222
Carlsbad, Ca. 92011
760-456-1111
Defendant in Pro Se

## CERTIFICATE OF SERVICE

I am employed in the City of Carlsbad, County of San Diego, California. I am over the age of 18 and not a party to the within action. My business address is 2100 Palomar Airport Rd., Suite 222, Carlsbad, Ca. 92011.

On 2-28-2020, I served a copy of the below-listed document(s) described as:

DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
On the Plaintiff's Attorney addressed as follows:

**Ava L. Schoen,**
**Ava.schoen@tonkon.com**

**Attorney for Plaintiff**

Said Documents were served electronically, via email

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on 2-28-2020, at Carlsbad, California.

/s/ TG Vallas

TG Vallas