IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADI ACQUISITION CO., LLC,

        Plaintiff,

    v.

THEODORE L. VALLAS,

        Defendant.

No. 3:18-cv-01871-HZ

FINDINGS OF FACT & CONCLUSIONS OF LAW

Ava L. Schoen
TONKON TORP LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

    Attorneys for Plaintiff

Theodore L. Vallas
2100 Palomar Airport Road
#222/223
Carlsbad, CA 92011

    Pro se Defendant

1 – FINDINGS OF FACT & CONCLUSIONS OF LAW

HERNÁNDEZ, District Judge:

Plaintiff ADI Acquisition Co., LLC, brings this action against Defendant Theodore Vallas for breach of guaranty. The Court conducted a two-day bench trial on June 10 and 11, 2020. The following are the Court's Findings of Fact and Conclusions of Law from that trial. *See* Fed. R. Civ. P. 52(a). As explained below, the Court finds in favor of Plaintiff.

## EVIDENTIARY RULINGS

Currently pending before the Court are various evidentiary objections and motions in limine that Plaintiff filed prior to trial [ECF 41, 43, 51]. The Court previously denied Plaintiff's first and second motions in limine, and deferred ruling on motions in limine 3, 4, and 5 [ECF 59]. At trial, however, Defendant did not seek to introduce any exhibits or call either of the witnesses Plaintiff previously moved to exclude. Therefore, the Court denies Plaintiff's objections and motions in limine as moot.

## FINDINGS OF FACT

Defendant is the founder of Carlsbad-Palomar Airlines, Inc. ("CP Air"), a regional airline headquartered in Southern California. On December 22, 2017, Plaintiff and Defendant, acting on behalf of CP Air, entered into a stock purchase agreement ("SPA"), pursuant to which CP Air would purchase all of Plaintiff's stock in Aerodynamics, Inc. ("Aerodynamics"), a charter airline, for $12 million. Ex. 4 at 15-16. Under the terms of the SPA, approximately $10 million of the purchase price would be used by Plaintiff to acquire two aircraft and to pay off Aerodynamics' outstanding liabilities. *Id.* at 15. The SPA further specified that Plaintiff would retain complete control over several pending legal matters, including a lawsuit pending in the United States District Court for the District of Nevada ("Caesars Litigation"), and would indemnify CP Air for any attorneys' fees, costs, and any judgments or liabilities incurred in

2 – FINDINGS OF FACT & CONCLUSIONS OF LAW

connection with the Caesars Litigation. Ex. 4 at 23. Defendant voluntarily signed the SPA on behalf of CP Air. Ex. 1 at 3; Ex. 4 at 33. The stock sale was scheduled to close on March 1, 2018. Ex. 4 at 16.

On February 27, 2018, the parties executed an Addendum to the SPA ("1st Addendum"), which, among other things, amended the terms of the SPA such that instead of CP Air paying Plaintiff $12 million, CP Air would pay a purchase price of $1,995,975.20, and assume the obligation to repay Aerodynamics' liabilities and acquire the two aircraft. *Id.* at 57. The outstanding liabilities CP Air agreed to pay under the 1st Addendum included legal fees due and owing to two law firms representing Aerodynamics in the Caesars Litigation. *Id.* at 71, 73. The 1st Addendum was drafted by John Barkley, an attorney and CP Air's chief financial officer. Exs. 8, 10. Defendant voluntarily signed the 1st Addendum on behalf of CP Air. Ex. 1 at 3; Ex. 4 at 56. Pursuant to the First Addendum, the stock sale was still scheduled to close on March 1, 2018. Ex. 4 at 55-56.

The sale did not close on March 1, 2018; however, the parties remained in communication in hopes of closing the deal. Exs. 13, 66-68. On March 20, 2018, the parties executed a Second Addendum to the SPA ("2nd Addendum"), which provided that instead of CP Air paying Plaintiff the $1,995,975.20 cash portion of the purchase price, CP Air would execute a promissory note ("Note") in favor of Plaintiff in the amount of $2,032,398.48 to be paid on or before April 15, 2018, and Defendant would personally guaranty the Note ("Guaranty"). Ex. 4 at 155. The Second Addendum to the CPA was undertaken at CP Air's request. Exs. 66-67. The Second Addendum reaffirmed the parties' rights and obligations relating to the Caesars Litigation. Ex. 4 at 155. Defendant voluntarily signed the 2nd Addendum and Note on behalf of CP Air and admits payment on the Note was due on or before April 15, 2018. Ex. 1 at 3-4; Ex. 4

3 – FINDINGS OF FACT & CONCLUSIONS OF LAW

at 157, 162. Defendant voluntarily signed the Guaranty on March 20, 2018. Ex. 1 at 4; Ex. 4 at 166. Under the 2nd Addendum, the stock sale was scheduled to close, and did close, on March 21, 2018. Ex. 4 at 156. The SPA, 1st and 2nd Addendums, Note, and Guaranty (collectively, "Contracts") are governed by Oregon law. *Id.* at 32, 54, 157, 162, 166.

Plaintiff transferred the entirety of its stock in Aerodynamics to CP Air. Plaintiff performed the obligations required of it by the Contracts. Plaintiff did not conceal from CP Air or from Defendant material facts regarding Aerodynamics' financial status, the Caesars Litigation, or the payment status of vendor contracts.

CP Air, however, did not pay the Note in full when it came due on April 15, 2018. Ex. 1 at 4. Although CP Air made three interest payments on the Note in June and July 2018, totaling $60,971.94, CP Air made no further interest payments and did not make any principle payments. *Id.* at 5. Defendant did not make any payments to Plaintiff pursuant to the Guaranty.

The Note accrues interest at the rate of twelve percent per annum, compounded monthly. Ex. 4 at 159. In addition, the Guaranty provides that Defendant "shall pay all attorneys fees and other costs incurred by [Plaintiff] in enforcing this Guaranty . . . . In any proceeding against Guarantor to enforce this Guaranty, the prevailing party shall be entitled to recover its costs, disbursements and reasonable attorney fees[.]" Ex. 4 at 165.

As of January 31, 2020, the balance on the Note was $2,456,095.45. Ex. 29. In enforcing the Guaranty, Plaintiff has incurred attorneys' fees in the amount of $55,506.50, and costs totaling $2,003.27 as of December 31, 2019.

## CONCLUSIONS OF LAW

The elements for breach of guaranty are the same as a claim for breach of contract. *Balfour v. Knight*, 86 Or. 165, 171 (1917). To establish a breach of contract claim under Oregon

law, a plaintiff must show: (1) the existence of a contract; (2) its relevant terms; (3) the plaintiff's full performance and lack of breach; and (4) the defendant's breach resulting in damage to the plaintiff. *Schmelzer v. Wells Fargo Home Mortg.*, No. CV-10-1445-HZ, 2011 WL 5873058, at *4 (D. Or. Nov. 21, 2011) (citing *Slover v. Or. State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570-71 (1996)).

The Court finds that Plaintiff has established the requisite elements by a preponderance of the evidence. Under the SPA, as amended by the 1st and 2nd Addendums, Plaintiff was required to transfer all its shares in Aerodynamics and to furnish financial records to CP Air. For its part, CP Air assumed the obligation to acquire the two aircraft and pay Aerodynamics' outstanding debts, including the Caesars Litigation attorneys' fees. Under the Note, CP Air was required to pay Plaintiff $2,032,398.48 for its shares in Aerodynamics no later than April 15, 2018. Pursuant to the Guaranty, Defendant agreed to pay Plaintiff the amount due under the Note, including interest and attorneys' fees and costs incurred by Plaintiff in enforcing the Guaranty.

Plaintiff performed the obligations required of it by the SPA and 1st and 2nd Addendums. Specifically, Plaintiff transferred the entirety of its shares in Aerodynamics to Defendant and furnished the financial documents discussed in the contracts. Defendant adduced no evidence at trial to support his affirmative defenses. *Jones v. Taber*, 648 F.2d 1201, 1203 (9th Cir. 1981) ("[T]he burden is always on the party advancing an affirmative defense to establish its validity.").

Defendant breached the Guaranty by failing to pay Plaintiff for the shares on or before April 15, 2018. As of January 31, 2020, Defendant's breach has caused Plaintiff damages in the amount of $2,456,095.45. And as of December 31, 2019, Plaintiff has incurred attorneys' fees in

the amount of $55,506.50 and costs in the amount of $2,003.27 in its collection efforts. Accordingly, Plaintiff has shown by a preponderance of the evidence that Defendant breached the Guaranty.

## CONCLUSION

The Court finds in favor of Plaintiff. Judgment shall therefore be entered in favor of Plaintiff. The parties shall submit a joint form of proposed judgment within fourteen days of these Findings of Fact & Conclusions of Law.

IT IS SO ORDERED.

Dated: _____June 16, 2020\_\_\_\_.

_____
MARCO A. HERNÁNDEZ
United States District Judge